UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-09454-FLA (MAAx) | Date | February 23, 2022 |
|---|---|---|---|
| Title | Alicia Noemi Bautista Diaz v. Gate Gourmet, Inc. et al. | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Freeman | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER STRIKING NON-PARTY MOHAMMED RAHMAN'S MOTION TO REMAND [DKT. 37]**

On January 7, 2022, non-party Mohammed Rahman ("Rahman") filed a Motion to Remand ("Motion to Remand"). Dkt. 37. Rahman is not a party to this action. Nor has he moved to intervene in this action pursuant to Fed. R. Civ. P. 24. Thus, Rahman lacks standing to bring a motion to remand.

Further, the Motion to Remand fails even if the court were to construe it as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).[1] In the Motion to Remand, Rahman argues the court lacks subject matter jurisdiction because it previously remanded the action to the Los Angeles Superior Court. Dkt. 37 at 9-13. It is undisputed by the parties, however, that this court has subject matter jurisdiction over the action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). *See generally* Dkt. 42 (Opp.).

This action was previously remanded based on a Joint Stipulation of the parties, in which the parties specifically recognized that "Defendant's … consent to remand this lawsuit to the Superior Court for the State of California for settlement purposes does not constitute a waiver of their right to a federal forum" and that Defendant may remove the action for a second time if the Los Angeles Superior Court did not grant preliminary and final approval of the parties' proposed class action settlement. Dkts. 25, 26. As the court did not remand the action based on a lack of subject matter jurisdiction, Dkt. 26, Rahman's contention that the court now lacks subject matter jurisdiction over this action is meritless. *See, e.g.*, *Curtis*

---

[1] In *California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002), the Ninth Circuit recognized that a non-party could challenge a district court's lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09454-FLA (MAAx) | Date | February 23, 2022 |
| Title | Alicia Noemi Bautista Diaz v. Gate Gourmet, Inc. et al. | | |

*v. BCI Coca-Cola Enters. Bottling Cos.*, No. 1:13-cv-01939 AWI-BAM, 2015 WL 251765, at *2 (E.D. Cal. Jan. 20, 2015) (recognizing court having subject matter jurisdiction has discretion to retain jurisdiction over a removed action).

Finally, an action may be removed a second time based on "a relevant change of circumstances."  See *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991).   The Los Angeles Superior Court's decision not to consider the parties' settlement, in light of the action against Defendant Gate Gourmet, Inc. pending in the Northern District of California, constitutes a relevant change of circumstances that supports the second removal of the action to this court.   See Dkt. 29.

The court, therefore, STRIKES Rahman's Motion to Remand.

IT IS SO ORDERED.

_____ : _____

Initials of Preparer   tf